**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOSE RAMON TORRES-TORRES, ET AL., <br><br>    Plaintiffs, <br><br>        v. <br><br> BANCO POPULAR DE PUERTO RICO ET AL., <br><br>    Defendants/Third Party Plaintiffs <br><br>        v. <br><br> MILAGROS RODRIGUEZ ET AL., <br><br>    Third Party Defendants | Civ. NO. 05-1235 (PG) |

**OPINION AND ORDER**

On May 27, 2003, plaintiffs Jose Ramon Torres-Torres, Ana Delia Diaz Vega and the Conjugal Partnership Torres-Diaz ("plaintiffs") filed suit in state court against Banco Popular de Puerto Rico ("BPPR") alleging that the latter was liable to them pursuant to Puerto Rico tort law. On November 9, 2004, BPPR filed a third party complaint against Milagros Rodriguez, Ernesto Maldonado, and Antonio Cordero (hereinafter "Third Party Defendants"), alleging that they were liable to BPPR for the damages suffered by plaintiffs.  (See Docket Nos. 1 & 7.) On March 3, 2005, Third Party Defendants removed the case from state court inasmuch as the action was brought against them for actions they did under color of office as members of the military forces of the United States. (Docket No. 1.)

As part of its responsibility in managing its docket, the Court has revisited the file of this case and notes the following chronology of events:

1. On March 3, 2005, Third Party Defendants filed the Notice of Removal. (Docket No. 1.) They also filed a motion for extension of time to answer the complaint and file translations. (Docket Nos. 2 & 3, 9.)  The Court granted the requests. (Docket No. 6 & 10.)

2. On March 14, 2005, attorneys for BPPR filed notices of appearance. (Docket Nos. 4 & 5.)

3. On April 4, 2005, Third Party Defendants filed the translations. (Docket Nos. 7 & 8.)

4. On May 23, 2005, Third Party Defendants filed a Motion to Dismiss

Civ. No. 05-1235 (PG)                                                    Page 2

        the third party complaint. (Docket No. 11.) As per the Court's order, (Docket No. 14), BPPR filed its opposition to Third Party Defendants motion on June 21, 2005. The Court granted leave to file a reply and Third Party Defendants submitted their reply on July 21, 2005. (See Docket Nos. 16, 17, 18, & 19.)

7. The Court ordered the parties on November 17, 2005 to inform whether they consented to have the case tried before a Magistrate Judge. (Docket No. 20.)

8. On December 14, 2005, BPPR and Third Party Defendants informed they did not consent to have the case referred for all further proceedings. (Docket Nos. 21 & 22.) Plaintiffs never complied with the Court's order.

As it appears from the record, to date, plaintiffs have not filed any motions. They have failed to move the case forward and the Court has not been informed of any action taken by plaintiff since the case was removed in March of 2005.

Before the Court is BPPR's Motion to Dismiss for Lack or Prosecution under Rule 41(2)(b). (Docket No. 24.) Third-Party Defendants do not have any objection to BPPR's Motion to Dismiss as long as the Third-party Complaint against them is dismissed with prejudice as well. (Docket No. 24.)

The Court has a responsibility of achieving "the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). Federal Rule of Civil Procedure 41(b) states in pertinent part:" Involuntary Dismissal: Effect Thereof: For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed.R.Civ.P. 41(b). Plaintiffs' willful abandonment of their claim has created undue delay not only as to the defendant in this case, but also for this Court's already congested docket.

Pursuant to this "court's... unquestionable authority to dismiss a case with prejudice for want of prosecution in order to prevent undue delay in the disposition of pending cases, docket congestion and the possibility of harassment of defendant," the Court **GRANTS** BPPR's motion **(Docket No. 24)** and dismisses plaintiffs' case against defendant BPPR **with prejudice**. Jardines Ltd. Partnership v. Executive Homesearch Realty Serv. Inc., 178 F.R.D. 365 (D.P.R. 1998).

Civ. No. 05-1235 (PG)                                                Page 3

    As to the third party complaint, third party defendants' motion requesting that it be dismissed with prejudice also stands unopposed. Having reviewed the parties' motions, the record and circumstances of the case, the Court grants third party defendants' request and dismisses the third party complaint with prejudice as well.

## CONCLUSION

    WHEREFORE, the Court hereby dismisses the complaint and the third party complaint with prejudice. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, September 25, 2006.

                                                                           S/JUAN M. PEREZ-GIMENEZ
                                                                          U. S. DISTRICT JUDGE